Filed 3/26/14  In re Kyle R. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


**In re KYLE R., a Person Coming Under the Juvenile Court Law.**

**THE PEOPLE,**

> **Plaintiff and Respondent,**

> **v.**

**KYLE R.,**

> **Defendant and Appellant.**

_____/

**A139075**

**(Sonoma County Super. Ct. No. 35095J)**

The juvenile court declared Kyle R. (the minor) a ward of the court under Welfare and Institutions Code section 602[1] after he admitted committing a lewd act upon a child (Pen. Code, § 288, subd. (a)).  The minor later admitted violating probation and the court committed him to the Division of Juvenile Facilities (DJF).

The minor appeals.  He contends the commitment to the DJF violates ex post facto laws (U.S. Const., art. 1, § 10; Cal. Const., art. I, § 9) because it "was unavailable and carried significant additional penalties not in existence at the time of the original offense."  *In re Edward C.* (2014) 223 Cal.App.4th 813 (*Edward C.*), petition for review pending, petition filed March 7, 2014 (S216974) and *In re K.J.* (Mar. 20, 2014, A137787)

---

[1] Unless otherwise noted, all further statutory references are to the Welfare and Institutions Code.

1

[2014 WL 1090149] (*K.J.*) recently resolved this issue against the minor. We are not persuaded these cases are wrongly decided and, as a result, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On several occasions in 2007 and 2008, the 13-year-old minor rubbed the vagina of a four-year-old and inserted his fingers into her vagina and anus. In the operative section 602 wardship petition, the People alleged the minor committed continuous sexual abuse of a child under 14 (Pen. Code, § 288.5, subd. (a)) and committed a lewd act upon a child (Pen. Code, § 288, subd. (a)). In early 2008, the minor admitted committing a lewd act upon a child (Pen. Code, § 288, subd. (a)). The court dismissed the other allegation, declared the minor a ward of the court, and ordered out-of-home placement.

In November 2012, the probation officer filed a section 777 notice alleging the 19-year-old minor had violated probation by: (1) dating a 16-year-old girl after being told not to do so; (2) attending church without a responsible adult after being told not to so; (3) consuming alcohol; (4) viewing pornography twice a week for the preceding several weeks; and (5) using a computer at his transitional living placement to view pornography and access his Facebook account. The minor admitted the violation.

The court requested and received a section 707.2 diagnostic evaluation, which recommended committing the minor to Sex Offender Treatment Program at the DJF. The probation department also recommended committing the minor to the DJF's Sex Offender Treatment Program, concluding it was the least restrictive and most "appropriate" placement that "would keep the community safe, while allowing [the minor] to continue to focus on his sex offender issues." The supplemental probation report noted the minor had "disclosed five other minor female victims . . . . One of the victims [was] a six year old neighbor [his] mother would babysit in their home, where the minor admitted anal penetration occurred on two occasions. The minor acknowledged over the clothing [touching] only with the other four victims. These victims included the minor's 8 year old second cousin, the 8 year old daughter of his mother's friend, the 11 year old daughter of his mother's boyfriend, and a 7 year old friend of his cousin."

2

Following a June 2013 hearing, the court committed the minor to the DJF for a maximum term of confinement of three years, with credit for 356 days in custody. The court also ordered the minor to register as a sex offender (Pen. Code, § 290).

DISCUSSION

The minor contends the ex post facto clauses of the United States and California Constitutions (U.S. Const., art. 1, § 10; Cal. Const., art. 1, § 9) barred the DJF commitment because such a commitment was not authorized when he committed his crime.[2] "The state and federal ex post facto clauses have the same meaning and apply to juvenile wardship proceedings. [Citations.] To fall within the ex post facto provisions, '"two critical elements"' must be met. [Citation.] 'First, the law must be retroactive.' [Citation.] Second, 'the law must have one . . . of the following four effects: it makes criminal acts that were innocent when done; it makes the crime greater or more aggravated than it was when committed; it inflicts a greater punishment for the crime than was available when the crime was committed; or it alters the rules of evidence or the required proof for conviction.' [Citation.]" (*Edward C., supra,* 223 Cal.App.4th at pp. 824-825.) The question here is whether the DJF commitment constitutes greater punishment than other commitments available when the minor committed the crime. The answer is no.

*Edward C.* is on point. There, the minor admitted committing continuous sexual abuse of a child in 2008 and 2009 in violation of Penal Code section 288.5 and the juvenile court placed him on probation. (*Edward C., supra,* 223 Cal.App.4th at p. 818.) In late 2012, and after determining the minor violated probation, the court committed him to the DJF. (*Id.* at pp. 820, 821.) On appeal, the minor argued his commitment to the DJF "amount[ed] to an unconstitutional ex post facto law because such a commitment was not authorized when he committed his crimes in 2008 through 2009." (*Id.* at p. 821.)

---

[2]     See *Edward C., supra,* 223 Cal.App.4th at pages 821-824 for a thorough summary of DJF commitments, 2007 juvenile realignment legislation, the California Supreme Court's ruling in *In re C.H.* (2011) 53 Cal.4th 94 (*C.H.*), and Assembly Bill No. 324 (2011-2012 Reg. Sess.) enacted as urgency legislation effective February 29, 2012, in response to *C.H.*

3

He claimed that "in committing him to DJF, the juvenile court retroactively applied the 2012 amendment to section 731, subdivision (a)(4) and inflicted a greater punishment than was available when he committed his offenses." (*Id.* at p. 825.)

We rejected this argument, concluding there was "no ex post facto problem" because a DJF commitment was not "greater punishment than the local commitments" available when the minor committed the offenses. (*Edward C., supra*, 223 Cal.App.4th at p. 825.) We reasoned that "[a]lthough a DJF commitment has been described as more 'restrictive' than any other disposition for juvenile wards [citation] it does not amount to greater punishment because it does not increase the time a ward must spend in custody." (*Ibid.*) We also concluded the "sex offender registration" imposed pursuant to Penal Code section 290 was "a civil regulatory scheme, rather than punishment, for ex post facto purposes. [Citations.]" As we explained, "[i]f sex offender registration is not punishment, a DJF commitment is not greater punishment by virtue of a registration requirement." (*Edward C., supra,* 223 Cal.App.4th at p. 827.)

In addition, we noted "Sections 731 and 733, setting forth the potential dispositions for a juvenile ward, 'do not address punishment or penalties for criminal offenses. Rather, they govern where a juvenile delinquent may serve time for purposes of rehabilitation.' [Citation.] Accordingly, courts have concluded the amendments to sections 731 and 733 under the 2007 realignment legislation, which eliminated DJF as a possible disposition in most cases, did not amount to a mitigation of punishment. [Citations.] By a parity of reasoning, the 2012 amendments to sections 731 and 733, which revived the availability of a DJF commitment for certain sex offenders, cannot be logically viewed as an increase in punishment for purposes of ex post facto analysis." (*Edward C., supra,* 223 Cal.App.4th at p. 826.)[3]

---

[3]    Our colleagues in Division Three recently reached the same result in *K.J.*, concluding the application to section 371 amendment did not include ex post facto laws because "no punitive purpose can be discerned beyond the Legislature's stated objective in amending section 731." (*K.J., supra*, ___ Cal.Rptr.3d ___ [2014 WL 1090149].)

4

The minor makes arguments identical to the ones rejected in *Edward C.* and *K.J.* Like the minor in those cases, the minor here contends a DJF commitment is "the most restrictive and punitive option available in juvenile court proceedings" and that he must register as a sex offender pursuant to Penal Code section 290. The minor also argues "the DJF commitment was a significant increase in the quantum of punishment available prior to the enactment of Assembly Bill 324." Under *Edward C.* and *K.J.,* the minor's claims fail.[4]

## DISPOSITION

The judgment is affirmed.

---

[4] We decline the minor's suggestion — unaccompanied by reasoned argument — to "find and instruct the juvenile court that he is not subject to a DJF 'housing' order" under section 1752.16. (See Cal. Rules of Court, rule 8.204(a)(1)(B).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.

A139075